JOHN CLAUSEN, JR., PROSECUTOR, v. GEORGE DE MEDINA, RECORDER OF THE TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, AND THE BOULEVARD COMMISSIONERS· OF THE COUNTY OF HUDSON.

Submitted July 8, 1910—Decided November 3, 1910.

1. The boulevard commissioners of the county of Hudson adopted a rule regulating the use of the Hudson county boulevard which excluded all vehicles used for business purposes except where it was required to go upon the road to deliver or receive a load. *Held*, that the rule was not inconsistent with the power of regulation conferred upon the board by statute.
2. The rule is not unreasonable because it allows the use of the boulevard by business vehicles of a designated weight when driven for pleasure only.

On *certiorari*.

Before Justices PARKER and BERGEN.

For the prosecutor, *Collins & Corbin*.

For the defendants, *John Griffin*.

The opinion of the court was delivered by

BERGEN, J. The prosecutor was convicted before the recorder of the township of North Bergen in the county of Hudson, of a violation of rule 9 of the boulevard commissioners of the county of Hudson, and this writ is prosecuted for the purpose of setting aside such conviction. But two reasons are urged in the brief of the prosecutor, and the consideration of this cause will be limited to the two grounds upon which the prosecutor relies. Rule 9 reads as follows: "In addition to the accepted and common rules of the road, governing public travel in this state, the following regulations must be observed: No automobile, locomotive, truck, cart or other vehicle used for business purposes will be allowed upon the road except to deliver and receive its loading and in

that case must leave the boulevard east and west, at the nearest traveled cross street. Neither will a steam roller be allowed upon the road at any time unless a permit has first been obtained from the boulevard commissioners. Penalty for each offence $5.00. And provided, however, that nothing herein shall prevent the use of said road to business wagons, weighing loaded not more than five hundred pounds on each wheel, at all times when used solely for pleasure driving."

The prosecutor testified that when he was arrested he was driving a horse and wagon along the boulevard going home from market, and that he had in the wagon about twenty empty barrels in which he had carried lettuce to market. It is quite clear from the testimony that he was using the boulevard for business purposes and not pleasure. He does say that he wanted to go to the store of a Mr. Schlicht, but he undoubtedly could have gone there without driving the entire distance along the boulevard, and that this intended stop at the store was not his reason for using the boulevard appears in his answers to the following questions: "Q. Well, did you ask the officer how to get there by going off the boulevard? A. No, sir; I wanted to go along the boulevard. Q. You claim the privilege as a citizen notwithstanding the ordinance? A. Yes, sir." This and the other testimony justifies the finding that the prosecutor was driving a "vehicle for business purposes" over the boulevard.

The first reason pressed by the prosecutor against the legality of his conviction is that rule 9 is without legislative authority. In support of this it is argued that while the statute justifies the commissioners in prohibiting the use of the road by loaded or heavy vehicles whether used for business or pleasure, they cannot make the character of the use the test; that is, permit heavy vehicles on the road when driven for pleasure and exclude unloaded or light vehicles because driven for business purposes. This is a very ingenious attempt to misconstrue the rule, for it does not permit all heavy vehicles to use the road when driven for pleasure. It forbids the use, for business purposes, of all vehicles except those required to go on the road to load or unload, but excepts certain wagons

ordinarily used for business purposes, when they are driven for pleasure and not business, provided they do not exceed a certain weight, when so used.

The rule does not, in the particulars complained of, violate or exceed the power of regulation given the commissioners by the statute, which declares that "the said board shall have the exclusive control of such road and regulate the use thereof through its entire length" (*Gen. Stat., p.* 2883, § 346), and also "but the same and the travel thereon shall be subject to such rules and regulations in relation thereto, and to limit and prevent the driving or travel thereon of loaded or heavy trucks, wagons or carts, as the said board may have adopted or shall adopt from time to time." *Gen. Stat., p.* 2890, § 368. The latter statute is not as clear as it might be, but the power to limit and prevent the driving or travel thereon of loaded or heavy trucks, wagons or carts, does not restrict or modify the express power granted to make rules and regulations relating to the use to be made of the road.

The next objection raised by the prosecutor is that the regulation is unreasonable, and it is urged that to permit prosecutor to drive the identical wagon he was using if driven for pleasure, and deny it when used for business, is unreasonable. It does not appear in this case that prosecutor's wagon is within the class that may be used for pleasure driving, but in determining whether a rule be reasonable or not some consideration must be given to the condition or subject-matter to which it is to be applied, and in this case an examination of the statute shows that it was the legislative intent to authorize the building of something more than the ordinary highway, the use of which was to be restricted to some degree, and the power to limit such use has been placed in the hands of the boulevard commissioners, who have practically restricted it to pleasure driving and excluded all business uses, except such as necessity demands. The rule in question excludes all business use except to a limited extent, but permits the use for pleasure driving of a certain class of vehicles which may be at times used for business purposes, and this, I think, is within the power of the commissioners, for the general pur-

pose of the rule is to prevent the road being used as a business thoroughfare, or its impairment by heavy trucks and carts; the relaxation in favor of certain vehicles when not used for business purposes does not make it unreasonable.

The writ will be dismissed and the conviction affirmed.